```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     |
GOCE GLIGOROV and BEN CONSULTING,    |
                                     |
            Plaintiffs,              |
                                     |
    -against-                        |
                                     |    06 Civ. 4905 (KMW)
HIS ROYAL MAJESTY SULTAN HAJI        |
HASSANAL BOLKIAH, SULTAN OF          |    OPINION AND ORDER
BRUNEI; HRH CROWN PRINCE AL-         |
MUHTADEE BOLKIAH; JOSEPH HAGE;       |
YUSOF SEPIUDDIN; LOVELLS LAW         |
FIRM; and JOHN DOES 1-10,            |
                                     |
            Defendants.              |
                                     |
-------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

By Order dated January 26, 2007, the Court directed Plaintiffs to advise the Court of the status of this matter. The Order advised Plaintiffs that, should they fail to respond by February 16, 2007, the Court would consider dismissing the action <u>sua sponte</u> for failure to prosecute.

By Order dated May 11, 2007, the Court reiterated its order that Plaintiffs advise the Court of the status of this case. The Order stated, "No later than **June 29, 2007**, Plaintiffs must advise the Court of the status of this matter. **FAILURE TO RESPOND TO THIS ORDER WILL RESULT IN THE DISMISSAL OF THIS CASE**." <u>Gligorov v. Sultan of Brunei</u>, No. 06 Civ. 4905 (S.D.N.Y. May 11, 2007) (emphasis in original).

Plaintiffs have not responded to either Order or

1

communicated with the Court.  The time to respond has expired, and Plaintiffs' case is now dismissed.

**DISCUSSION**

District courts have inherent power to dismiss actions sua sponte for failure to prosecute.  Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962); see Fed. R. Civ. P. 41(b).  Before exercising this power, a district court must consider various factors, including

> "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."

LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)) (alterations and omission in original).  These factors counsel in favor of dismissal of this action.

(1) *Duration of failures*.  The duration of Plaintiffs' inaction has been considerable: Plaintiffs have taken no action in this matter since filing the Complaint on June 26, 2006, more than a year ago.  Furthermore, Plaintiffs did not comply with the Court's Orders of January 26, 2007 and May 11, 2007.  This

lengthy inaction, coupled with repeated failures to comply with Court orders, weighs strongly in favor of dismissal.

(2) *Notice*. The Orders of January 26, 2007 and May 11, 2007 both notified Plaintiffs that failure to respond might lead to dismissal of the case. The May 11 Order stated this notice in capital letters and bold, underlined font, using ordinary language, as the Second Circuit has recommended. LeSane, 239 F.3d at 210.

(3) *Likelihood of prejudice*. The Second Circuit has noted that "[p]rejudice to defendants resulting from unreasonable delay may be presumed." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). This factor leans slightly in favor of dismissal. LeSane, 239 F.3d at 210.

(4) *Balance between calendar congestion and due process*. This factor leans against dismissal of this action, because Plaintiffs' failure to comply has been "silent and unobtrusive rather than vexatious and burdensome." Id. However, dismissal of the action is unlikely to prejudice Plaintiffs' right to be heard, see Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996), because Plaintiffs' inaction and repeated failures to comply with Court orders suggest that they have no intention of taking advantage of this right. As a result, the Court believes that this factor should be afforded relatively little weight.

(5) *Lesser sanctions*. Although the Second Circuit has

3

stated that resolution on summary judgment is preferable to <u>sua sponte</u> dismissal, <u>see</u> <u>LeSane</u>, 239 F.3d at 211, no motion for summary judgment is pending in this case, and thus no lesser sanction than dismissal is available.

The Court concludes that the balance of factors recommends dismissal of Plaintiffs' action.

**CONCLUSION**

Plaintiffs' complaint is dismissed for failure to prosecute. The Clerk of Court is directed to close this case. Any pending motions are moot.

SO ORDERED.
Dated:   New York, New York
         July 13, 2007

_____
Kimba M. Wood
United States District Judge